ISMAEL BRAVO ACEVEDO, Plaintiff and Appellee, *v.* MATILDE BADILLO ROLDÁN, Defendant and Appellant.

No. R-68-46.     Decided June 18, 1969.

*Héctor Reichard* and *Héctor Reichard, Jr.,* for appellant. *José Veray, Jr.,* for appellee.

Second Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Dávila, and Mr. Justice Torres Rigual.

### JUDGMENT

According to the findings of fact made by the trial court, on June 18, 1953 and by deed No. 181 executed in Aguadilla before Notary Héctor Reichard, Gregorio Ramos Soto segregated a portion of five cuerdas from a property of a greater area and sold it to Agustín Martínez Arvelo. In the deed of segregation it was stated by the vendor Gregorio Ramos Soto that the main property from which this portion was segregated was crossed from east to west by a private irrigation canal which was fed by a lateral of the Isabela Irrigation Service, and that the purchaser Agustín Martínez Arvelo

was bound to respect the right which the vendor Ramos Soto had to be supplied with water for the remainder of the property from the lateral situated in the portion which was segregated and sold; and that this obligation was considered as part of the price for which said parcel was sold. It was not alleged nor determined by the court, that this deed of segregation with the aforesaid statement was recorded in the Registry of Property.

By deed No. 193 executed in Aguadilla on July 29, 1955 before Notary Héctor Reichard, the remainder of the property was sold by Ramos Soto to the plaintiff-appellee Ismael Bravo Acevedo.

By deed No. 43 executed in Aguadilla on May 16, 1956 before Notary Manuel A. García Herminda, Agustín Martínez Arvelo and his wife sold to the defendant-appellant Matilde Badillo Roldán the portion of five cuerdas acquired as it has been stated. No obligation with respect to the irrigation of the remainder of the property is imposed in this deed on the purchaser, defendant-appellant herein, and said fact is not mentioned either. This deed by virtue of which the defendant-appellant acquired the title upon the five cuerdas appears recorded at folio 145 verso, volume 109, property No. 5199, third entry, and as to encumbrances it is stated that it was subject to a mortgage in favor of the bearer of the note.

In this suit the plaintiff Bravo as present owner of the remainder of the property, claimed damages against appellant amounting to $4,300 because appellant had failed to comply with the clause Martínez Arvelo imposed on himself in the deed of sale. The trial court decided as a matter of law that the defendant was liable to the plaintiff for having failed to comply with said clause and having found that he caused damages to the plaintiff thereby, it ordered the defendant to pay him the sum of $3,450 plus costs and $300 for attorney's fees.

■ The error committed and assigned in this appeal is evident. The defendant did not agree nor contract any obligation with the plaintiff regarding the irrigation, nor with the previous owner, plaintiff's predecessor in title, in favor of whom Martínez Arvelo agreed to supply water. The defendant's title having been recorded, it may be assumed that the title of his vendor Arvelo was recorded also, although this does not expressly appear from the record. Even though the Registrar had entered in the registry the aforesaid obligation of Arvelo towards the previous owner of the property, thing which has not been proved, such entry, erroneous if it had been made, would not affect the defendant's right because of the fact that it was a personal obligation and not a lien upon the property. Neither would it have the legal effect, as to a third person, of establishing a servitude. The defendant has assumed no obligation, neither by reason of the registry nor by reason of having bound himself, which might be enforced, neither by the previous owner of the property nor by his successor in title, plaintiff-appellee herein.

The judgment rendered by the Superior Court, Aguadilla Part, on December 14, 1967, is hereby reversed, and another rendered dismissing the complaint, with costs, and the payment to defendant-appellant of $300 for attorney's fees before the trial court.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) Luis Negrón Fernández
*Chief Justice*

I attest:

(s) Joaquín Berríos
*Clerk*